# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

NICHOLS NURSERY INC., D/B/A, )
NICHOLS EXCAVATION )
                                    )
         Plaintiff, )
                                      )
     v. )          C.A. No. N17C-05-001 ALR
                                        )
SCOTT LOBDELL, BRIAN ELLIS, )
Individually and d/b/a DELAWARE )
SPORTS COMPLEX, LCC, )
DELAWARE SPORTS COMPLEX, )
LLC and DANIEL WATSON )
                                      )
        Defendants. )

Submitted: June 30, 2017
Decided: July 19, 2017

## ORDER

***Upon Defendant Scott Lobdell's Motion to Dismiss***
**DENIED**

***Upon Defendant Delaware Sports Complex, LLC's Motion to Stay***
**GRANTED IN PART and DENIED IN PART**

Plaintiff Nichols Nursery, Inc. ("Plaintiff") initiated this lawsuit on May 1, 2017, alleging breach of contract and several claims of tortious conduct. Defendants Scott Lobdell and Brian Ellis are parties to this action in their capacity as individuals, and as Delaware Sports Complex, LLC, a limited liability entity formed by Defendants. Defendant Scott Lobdell is self-represented and has filed a

Motion to Dismiss Plaintiff's Complaint in lieu of an answer. Defendant Brian Ellis has not appeared in these proceedings.

On May 23, 2017, Defendant Delaware Sports Complex, LLC filed for bankruptcy, and the proceedings before this Court have been automatically stayed as against Defendant Delaware Sports Complex, LLC.[1] Defendant Delaware Sports Complex, LLC has now filed a Motion to Stay this cause of action in its entirety. Plaintiff opposes Defendant Scott Lobdell's Motion to Dismiss and Defendant Delaware Sports Complex, LLC's Motion to Stay.

First, Defendant Scott Lobdell's Motion to Dismiss Plaintiff's Complaint pursuant to Superior Court Civil Rule 12(b)(6) for failure to state a claim upon which relief can be granted must be decided solely on the allegations set forth in the complaint.[2] The Court must accept all well-pleaded allegations in the Complaint as true and make all reasonable inferences in favor of the non-moving party.[3] Factual allegations, even if vague, are well-pleaded if they provide notice of the claim to the other party.[4] The Court should deny the motion if the claimant "may recover under any reasonably conceivable set of circumstances susceptible of

---

[1] *See* Super. Ct. Civ. R. 41(g).
[2] *Walls v. Williams*, 2006 WL 1133563, at *1 (Del. Super. Mar. 28, 2006); *Jackson v. Fleming*, 2005 WL 2090773, at *1 (Del. Super. Apr. 27, 2005).
[3] *Ramunno v. Cawley*, 705 A.2d 1029, 1034 (Del. 1998); *Spence v. Funk*, 396 A.2d 967, 968 (Del. 1978).
[4] *Spence*, 396 A.2d at 968.

proof."[5]  Upon accepting the allegations in Plaintiff's Complaint as true with all reasonable inferences made in favor of Plaintiff, the Court finds that there is a reasonably conceivable set of circumstances under which Plaintiff could establish Defendant Scott Lobdell's liability to Plaintiff.  Accordingly, the Court declines to dismiss the claims against Defendant Scott Lobdell as a matter of law.

Second, with respect to Defendant Delaware Sports Complex, LLC's Motion to Stay, the Court rejects Defendant Delaware Sports Complex, LLC's contention that filing for bankruptcy requires a stay of lawsuits against non-debtor entities or persons.  Furthermore, under the circumstances presented here, the Court declines to exercise its discretion to stay this action as to the individual Defendants pursuant to Superior Court Civil Rule 41(g).   Instead, the Court will stay this action for 90 days to allow any persons who seek the protection of 11 U.S.C. § 362 to apply to the United States Bankruptcy Court for relief.  After 90 days, the stay will be lifted and the action in this Court shall proceed against Defendants Scott Lobdell and Brian Ellis as long as the United States Bankruptcy Court does not extend the automatic stay to those persons.

**NOW, THEREFORE, this 18th day of July, 2017, Defendant Scott Lobdell's Motion to Dismiss is hereby DENIED, and Defendant Delaware**

---

[5] *Id.*

**Sports Complex, LLC'S Motion to Stay this action is hereby DENIED in part and GRANTED in part.  This action is hereby stayed for 90 days.**

    **IT IS SO ORDERED.**

*Andrea L. Rocanelli*

_____
**The Honorable Andrea L. Rocanelli**